UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEPHEN LEONARD GUARDINE, JR.,

    Plaintiff,

v.                                            Case No. 4:21-cv-300-WS-MJF

RON DESANTIS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Since initiating this section 1983 action, Plaintiff Stephen Guardine, Jr., has failed to pay the filing fee. (Docs. 3, 4). For that reason, the District Court should dismiss this action.

### I. BACKGROUND

On July 19, 2021, Plaintiff initiated this section 1983 action against Florida Governor Ron DeSantis[1] and the Florida Department of Law Enforcement ("FDLE") for violating Plaintiff's rights under the Second Amendment to the United States Constitution. (Doc. 1). Plaintiff requested two forms of relief: (1) that this court expunge Plaintiff's record to "restore all rights in eyes [sic] of all levels of all

---

[1] Plaintiff named Governor DeSantis in his official capacity. (Doc. 1 at 2).

50 state governments and federal government"; and (2) $10 million in compensatory damages. (*Id.*).

On July 21, 2021, the undersigned ordered Plaintiff to pay the $402.00 fee (the $350.00 filing fee and a $52.00 administrative fee) or file a motion for leave to proceed *in forma pauperis*. (Doc. 3). The undersigned imposed a deadline of August 20, 2021. Plaintiff did not comply with the undersigned's order.

On August 24, 2021, the undersigned ordered plaintiff to explain and show cause why this case should not be dismissed for failure to pay the filing fee, failure to comply with the undersigned's order, and failure to prosecute. (Doc. 4). The undersigned imposed a deadline of September 14, 2021. Plaintiff again did not comply with the undersigned's order.

As of the date of this report and recommendation, Plaintiff has not paid the $402.00 fee or filed a motion for leave to proceed *in forma pauperis*. Additionally, Plaintiff has not responded to the undersigned's show-cause order.

## II. Discussion

"A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3. Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1914.

A court may dismiss an action for failure to pay the filing fee if the court first affords the plaintiff an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002);[2] *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Additionally, under Rule 41.1 of the Local Rules of the United States District Court for the Northern District of Florida, "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order. N.D. Fla. Loc. R. 41.1.

Plaintiff neither paid the filing fee nor submitted a motion for leave to proceed *in forma pauperis* at the time he filed his complaint. The undersigned, therefore, directed Plaintiff to pay the filing fee or submit a completed motion for leave to proceed *in forma pauperis* in accordance with the Local Rules and specifically warned Plaintiff that his failure to do so likely would result in dismissal. (Doc. 3 at 2). But Plaintiff failed to pay the filing fee or submit a fully completed motion for leave to proceed *in forma pauperis*. (Doc. 4). Despite the undersigned ordering

---

[2] In *Wilson*, the Eleventh Circuit reviewed a district court's dismissal of a civil action filed by a *pro se* prisoner. The court noted that for an imprisoned plaintiff, failure to pay the fee may be beyond his control insofar as payment of the filing fee required authorization for prison officials to withdraw and pay the fee. *Wilson*, 313 F.3d at 1320-21. Based on the record before this court, Plaintiff does not appear to be imprisoned. (Doc. 1 at 1). Unlike a prisoner-plaintiff, Plaintiff likely had control of his own money. Regardless, he could have asked for additional time to pay the filing fee.

Plaintiff to show cause why this action should not be dismissed, Plaintiff did not explain why he failed to pay the filing fee or seek an extension of time to comply with the undersigned's order. (Docs. 4). Thus, pursuant to 28 U.S.C. § 1914 and the Local Rules, the undersigned recommends that this action be dismissed for failure to pay the filing fee.

### III. CONCLUSION

Because Plaintiff failed to pay the filing fee despite being afforded opportunities to do so, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 22nd day of September, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**